**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS A. HYMAN,

    Petitioner,

  v.

UNITED STATES,

    Respondent.

Civil Action No. 08-5999 (GEB)

O P I N I O N

RECEIVED
MAR - 5 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Louis A. Hyman, Pro Se
F.C.I. Fort Dix
#59539-053
P.O. Box 2000
Fort Dix, NJ 08640

Thomas J. Eicher, AUSA
United States Attorney's Off.
402 East State Street
Trenton, NJ 08608
Attorney for Respondent

**BROWN, JR., Chief Judge**

  This matter is before the Court on petitioner Louis A. Hyman's petition for a writ of *audita querela*, filed pursuant to the All Writs Act, 28 U.S.C. § 1651. For the following reasons, the petition will be dismissed.

**BACKGROUND**

  Petitioner is currently incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey. On February 13, 2003, he pled guilty in this Court to firearm charges, and was sentenced to an aggregate term of 180 months imprisonment. Petitioner's attorney did not file a direct appeal.

Petitioner argues that he was not aware that his attorney did not file a direct appeal. In June 2007, he attempted to file a motion pursuant to 28 U.S.C. § 2255, to set aside, correct, or vacate his sentence.[1] This Court denied the motion as untimely. Petitioner appealed that finding to the Court of Appeals for the Third Circuit, which affirmed this Court's decision on October 20, 2008. On December 8, 2008, Petitioner filed the instant petition.

Petitioner argues that he should be granted relief under the authority of the All Writs Act, 28 U.S.C. § 1651, and has filed a common law writ of *audita querela*. He states that this Court, and the Court of Appeals, should have equitably tolled the limitations period for filing his § 2255 motion, due to the ineffective assistance of counsel that he received by his criminal defense attorney.

## DISCUSSION

As noted by the Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. <u>See also</u> <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977); <u>United States v. Walker</u>, 980 F. Supp. 144, 145-

---

[1] <u>See</u> <u>United States v. Hyman</u>, 07-3061 (GEB).

46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

In this case, this Court was the sentencing court, and Petitioner has already had his "bite at the apple" under § 2255. This Court denied his § 2255 motion as time-barred, and denied Petitioner's motion for reconsideration. That denial was affirmed on appeal to the Court of Appeals. If Petitioner wishes a "second bite at the apple" under § 2255, he must obtain certification from a panel of the Court of Appeals for the Third Circuit, in accordance with § 2255(h).[2]

---

[2] Once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the
(continued...)

Additionally, as recently discussed by the Court of Appeals for the Third Circuit, Petitioner cannot circumvent the filing requirements of 28 U.S.C. § 2255 by filing a writ of *audita querela*. The Court of Appeals has noted:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). The common law writ of *audita querela* survives only to the extent that it fills in gaps in the current system of post-conviction relief. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). The District Court correctly held that [petitioner] may not invoke the writ of *audita querela* because his claims are cognizable under § 2255. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the writ of audita querela is unavailable where relief is cognizable under § 2255); Valdez-Pacheco, 237 F.3d at 1079-80 (same).
>
> As recognized by the District Court, [petitioner] may not avoid AEDPA's requirements for filing second or successive § 2255 motions by filing a petition for a writ of *audita querela*. See United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) (stating that a prisoner may not resort to a writ of *coram nobis* when he cannot meet the standards for filing a second or successive § 2255 motion).

United States v. Sanchez, 2009 WL 389365 at * 1 (3d Cir. 2009) (slip copy).

In this case, Petitioner seeks relief under the common law writ of *audita querela* in order to circumvent the filing

---

[2](...continued)
movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255(h).

requirements of § 2255, as he has already filed and been denied relief under § 2255. As noted by the Court of Appeals for the Third Circuit, he cannot do so, as his underlying claims concerning his sentence and his counsel are cognizable in a § 2255 action.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed. An appropriate Order accompanies this Opinion.

GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: March 3, 2009