<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUIS HYMAN, | ) |
| Petitioner, | ) Civil Action No. 08-5999, 10-3639 (GEB) |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the various pending filings of Petitioner Louis Hyman ("Petitioner" or "Hyman") in the two civil cases Petitioner has open in this Court. First, in Civil Case Number 08-5999 (the "'08 Case") Petitioner has filed a motion for a certificate of appealability. (Doc. No. 9.) Second, in Civil Case Number 10-3639 (the "'10 Case") Petitioner has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, and a motion for appointment of counsel. (Doc. Nos. 1, 2.) The Court has not ordered Respondent the United States of America (the "Government") to answer any of Petitioner's foregoing filings, and the Government has not done so of its own accord. The Court has considered Petitioner's various submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny all of Petitioner's aforementioned pending filings.

**I.   BACKGROUND**

On February 13, 2003, Petitioner pled guilty in this Court to firearm charges and was

sentenced to an aggregate term of 180 months imprisonment.  Petitioner's attorney did not file a direct appeal of Petitioner's sentence to the United States Court of Appeals for the Third Circuit.  Petitioner is currently incarcerated.

In June 2007, Petitioner filed his first *pro se* petition pursuant to 28 U.S.C. § 2255, to set aside, correct, or vacate his sentence (the "'07 Petition").  *See United States v. Hyman*, 07-3061 (GEB) (the "'07 Case").   In the '07 Petition, Petitioner also sought issuance of a write of *audita querela* pursuant to the All Writs Act 28 U.S.C. § 1651.  On October 26, 2007, the Court denied the '07 Petition in its entirety.  On March 27, 2010, the Court denied Petitioner's motion to reconsider the October 26, 2007 decision.  On May 2, 2008, Petitioner filed a notice of appeal with the Third Circuit.  Thereafter, at the Third Circuit's instruction, the Court considered and denied Petitioner's application for a certificate of appealability in the '07 Case pursuant to 28 U.S.C. § 2253.  On October 20, 2008, the Third Circuit also denied Petitioner's application for a certificate of appealability, and noted that the Court's underlying denial of the '07 Petition was correct.

On December 8, 2008, after the Third Circuit upheld the Court's dismissal of the '07 Petition in the now-closed '07 Case, Petitioner filed another petition pursuant to 28 U.S.C. § 2255 and also sought a writ of *audita querela* pursuant to the All Writs Act 28 U.S.C. § 1651 (the "'08 Petition").  Noting that the '08 Petition was essentially identical to the previously denied '07 Petition, the Court denied the '08 Petition in its entirety on March 3, 2009.   The Third Circuit affirmed that decision on August 24, 2009.

This procedural history frames the matters currently pending before the Court.  On June 10, 2010, Petitioner filed a motion for a certificate of appealabity in the '08 Case regarding the

2

Court's denial of the '08 Petition. Thereafter, on July 20, 2010, Petitioner filed another petition pursuant to 28 U.S.C. § 2255 (the "'10 Petition"), and a motion for the appointment of counsel. In response, the Clerk of the Court opened the '10 Case in which the two foregoing motions are the only docket entries. As a final point, the Court notes that Petitioner has filed all of the foregoing submissions *pro se*.

**II.    DISCUSSION**

    **A.    Certificate of Appealability in the '08 Case**

On June 10, 2010, in the '10 Case, Petitioner filed a motion for a certificate of appealability of the Court's March 3, 2009 denial of the '08 Petition. The crux of Petitioner's motion is that Petitioner, "objects to the [Court's] opinion dated [March 3, 2009] that [Petitioner] is barred in the instant habeas corpus motion . . . ." Petitioner's motion will be denied for the simple reason that Petitioner has already appealed the Court's dismissal of the '08 Petition to the Third Circuit, which affirmed in a judgment dated August 24, 2009 and mandate dated October 2, 2009. Therefore, Petitioner's present motion for this Court to issue a certificate of appealability regarding a matter that has already been decided by the Third Circuit is without merit.

    **B.    Successive § 2255 Petition and Motion for Appointment of Counsel**

On July 20, 2010, Petitioner filed the '10 Petition and motion for appointment of counsel that gives rise to the '10 case. 28 U.S.C. § 2255 provides in part:

> A second or successive motion must be certified as provided section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court's research indicates that the '10 Petition is at least the third nearly identical petition filed *pro se* by Petitioner in this Court in the last three years. The first two, the '07 and '08 Petitions, were denied by the Court. In the '07 Case, the Court denied Petitioner a certificate of appealability after being instructed to consider the issue by the Third Circuit. The Third Circuit then affirmed the Court's denial of a certificate of appealability. In the '08 Case, the Third Circuit addressed and affirmed the merits of the Court's decision to deny the '08 Petition. On this basis alone, Petitioner's present third *pro se* § 2255 petition must be denied. Moreover though, the statutory language noted above makes it clear that the Court is without jurisdiction to consider Petitioner's present successive petition without certification from a panel of the Third Circuit. As such, Petitioner's '10 Petition will be denied.[1] In light of that decision, Petitioner's motion for the appointment of counsel will also be denied.[2]

### III.  CONCLUSION

For the foregoing reasons, Petitioner's motion for a certificate of appealability in the '08 Case will be denied, as will Petitioner's '10 Petition and motion for appointment of counsel pending in the '10 Case. Further, the Court will order both the '08 and '10 cases closed. An appropriate form of order accompanies this memorandum opinion.

---

[1] As such, Petitioner's accompanying application to proceed *in forma pauperis* will be denied.

[2] The Court notes that, though Petitioner's motion for appointment of counsel is filed in the '10 case, the caption refers to the '08 case. However, regardless of the case in which Petitioner sought to file that motion, it is without merit because the relief sought in either case has been denied by the Court for the reasons noted above.

Dated: August 9, 2010

                                                /s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR., U.S.D.J.